JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JACKSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LOS ANGELES POLICE DEPARTMENT PACIFIC DIVISION, POLICE OFFICER WEBBER SERIAL NO. 38219, POLICE OFFICER ISIDE SERIAL NO. 40482, SGT. GURA SERIAL NO. 33763, T6HOMAS ENNIS, STEVEN L. MATILLA, ERA MATILLA REALTY, MATILLA REALTY INC., THOMAS CORTE, ENNIS TRUST #2, ENNIS, G THOMAS TR ENNIS CHILDREN TRUST 2, NS WASH, NS WASH CORPORATION, DANA WRIGHT, RYAN LEE,<br><br>　　　　　Defendants.<br>_____ | CASE NO.: **CV13-01595 R (VBKx)**<br>Complaint filed: March 6, 2013<br><br>*Hon. Judge Manuel L. Real*<br>*Courtroom 8*<br><br>**ORDER OF DISMISSAL** |

　　　On April 29, 2013, this Court held an Order to Show Cause Hearing regarding why this action should not be dismissed for lack of federal jurisdiction. Deputy City Attorney Richard M. Arias appeared for defendants. There was no appearance by plaintiff.

1

The Court reasoned and ruled as follows:

1. On the face of the complaint, the only arguable basis for invoking the jurisdiction of this Court is federal question jurisdiction. 28 U.S.C. Section 1331.

2. To invoke the Court's federal question jurisdiction, plaintiff's claim must arise out of the Constitution, laws, or treaties of the United States. 28 U.S.C. Section 1331.

3. While it is true the Court has jurisdiction to hear cases involving alleged violations of the Constitution, this Court does not have jurisdiction to entertain an action merely because the complaint makes some reference to violations of the Fourth and Fourteenth Amendments – the right or immunity created by the Constitution must be an element, and an essential one, of the plaintiff's claim. *Gally v. First National Bank*, 299 U.S. 109, 112 (1936).

4. On the face of the complaint, none of plaintiff's 16 claims require resolution of a federal constitutional question. Generally, each claim arises under state tort law. And none of the claims include federal constitutional violations as an essential element. Plaintiff cannot create federal jurisdiction by mere reference to the Constitution throughout his 79-page complaint.

5. Plaintiff alleges violations of 18 U.S.C. section 241, 42 U.S.C. section 3631, 18 U.S.C. section 242 and 42 U.S.C. section 14141. But none of those statutes create a private right of action upon which a civil claim can rest. *Allen v. Gold Country Casino*, 464 F.3d 1044 (9th Cir. 2006).

6. Because plaintiff is not empowered – as a private citizen – to prosecute violations of the criminal laws, he cannot invoke federal jurisdiction by alleging claims under those statutes. Consequently, plaintiff's complaint does not contain a question arising under the Constitution or the laws of the United States. For that reason,

/ / /

/ / /

/ / /

1  plaintiff's complaint is dismissed for want of federal jurisdiction.

2

3  **IT IS SO ORDERED.**

4

5  **DATE: May 21, 2013**

6  **HONORABLE MANUEL L. REAL**
   **UNITED STATES DISTRICT JUDGE**